IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KELLY DUDA**<br>1125 N Fairfax Ave #461436<br>West Hollywood, CA 90046<br><br>Plaintiff,<br><br>v.<br><br>**UNITED STATES DEPARTMENT OF JUSTICE**<br>950 Pennsylvania Avenue N.W.<br>Washington, D.C. 20530<br><br>and<br><br>**FEDERAL BUREAU OF INVESTIGATION**<br>935 Pennsylvania Avenue N.W.<br>Washington, D.C. 20535<br><br>Defendants. | Civil Action No. _____ |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Kelly Duda ("Plaintiff" or "Duda"), by and through his undersigned counsel, hereby alleges as follows:

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA" or the "Act"), for declaratory, injunctive, and other appropriate relief brought against the United States Department of Justice ("DOJ") and the Federal Bureau of Investigation ("FBI") (collectively "Defendants").

2. By this action, Plaintiff seeks to compel Defendants to comply with their obligations under FOIA to release requested audio recordings held by the FBI and DOJ in

1

connection with its investigation of the murder of Emmett Till.  Plaintiff is statutorily entitled to disclosure of the requested records, which Defendants have withheld in violation of the Act.

## PARTIES

3. Plaintiff Kelly Duda is a journalist.  He resides in California.

4. Defendant United States Department of Justice is an agency of the federal government within the meaning of 5 U.S.C. § 551 and 5 U.S.C. § 552(f) that has possession, custody, and/or control of the records that Plaintiff seeks.  DOJ's headquarters is located at 950 Pennsylvania Avenue N.W., Washington, D.C. 20530.

5. Defendant Federal Bureau of Investigation is an agency of the federal government within the meaning of 5 U.S.C. § 551 and 5 U.S.C. § 552(f) that has possession, custody, and/or control of the records that Plaintiff seeks.  The FBI's headquarters is located at 935 Pennsylvania Avenue N.W., Washington, D.C. 20535.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action and personal jurisdiction over Defendants pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

7. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## FACTS

### Legal and Factual Background

8. Emmett Louis Till was a Black boy who was brutally murdered at age fourteen on or about August 28, 1955, in Mississippi—the victim of racial violence.  "[R]ather than bending to the intimidation and psychic horror caused by the savage murder, Till's family, along with national newspapers and civil rights organizations—including the NAACP used his death to strike a blow against racial injustice and terrorism."  Nat'l Museum of Afr. Am. Hist. & Culture, *Emmett Till's Death Inspired a Movement*, Smithsonian Inst., https://perma.cc/GD94-M25N.

Till's mother held an open-casket funeral for her son, which was "attended by more than 50,000 people and chronicled by Jet magazine." *Id.* Photographs of Till "with his mother earlier that year alongside Jet's photo of his mutilated corpse horrified the nation and became a catalyst for the bourgeoning civil rights movement." *Id.*

9. Two men were tried for Till's murder: John William ("J.W.") Milam ("Milam") and Roy Bryant ("Bryant"). *Id.* The men were acquitted by an all-white, all-male jury on September 23, 1955. *Id.* Milam and Bryant later publicly confessed to the crime. *Id.*

10. Many of the details surrounding Till's abduction, torture, murder, and the dumping of his body in the Tallahatchie River were—and remain still—unknown to the public, including the identities of all of the participants in those events. *See, e.g.*, Hannah Price, *His Name Was Emmett Till*, The Atlantic (Sep. 2021), https://www.theatlantic.com/magazine/archive/2021/09/barn-emmett-till-murder/619493/; Nat'l Pub. Radio, *Details of Emmett Till Killing Still a Mystery As Probe Ends* (Dec. 12, 2021), https://perma.cc/Z7Y3-889N.

11. On May 7, 2004, the FBI reopened its investigation into Till's murder "to determine if other individuals were involved[.]" History: Famous Cases and Criminals, *Emmett Till*, F.B.I., https://www.fbi.gov/history/famous-cases/emmett-till.

12. The FBI thereafter publicly released a redacted version of its Prosecutive Report (the "FBI Report"). *See Emmett Till*, Federal Bureau of Investigation, https://vault.fbi.gov/Emmett%20Till%20 (last accessed Apr. 9, 2024). A true and correct excerpt of the publicly available FBI Report is attached hereto as **Exhibit 1**.

13. In Section IV(F) of the FBI Report, under the heading "3. Roy Bryant's Admission," it reads:

> In 1985 an individual, who is now a cooperating witness, but who was unaffiliated with law enforcement at the time, hereinafter referred to as [REDACTED] met with Roy Bryant and approached him about [REDACTED]. [REDACTED] and Bryant rode together to the Wright home, Bryant's Meat Market and Grocery and to the barn where Till had been beaten and killed. During the trip [REDACTED] was equipped with an audio cassette recorder and successfully recorded portions of their conversation.

Ex. 1, at 91.

14. The FBI Report goes on state that:

> The following statements were made by Bryant and captured on tape:
> - When asked about taking Till to a bluff on the Mississippi River near Rosedale they were going to "put his ass in the river", the Mississippi River.
> - When asked if they were drinking "Yeah, hell yeah we was drinkin" "Now we wasn't drunk" ". . . wasn't nobody drunk."
> - About Killing Till "Well, we done whopped the son of a bitch, and I had backed out on killin' the mother fucker . . ." " . . . and we gonna take him to the hospital. But we done whopped that son of a bitch. I mean, it was, the, carryin' him to the hospital wouldn't have done him no good (laughs)." "Put his ass in the Tallahatchie River."
> - When asked why they stopped in the woodshed over there (Leslie Milam's) "I donno. Tryin' to make our minds up."
> - About going to Boyle to get the gin fan "We didn't go to Boyle."
> - About Glendora "Didn't go back to Glendora. Went through Glendora."
> - About other people knowing what had happened that night with Till "I'm the only one who's living that knows it (laughs)" "That's all that will ever be known" "That's the only two that was ever tried."

Ex. 1, at 91–92 (footnote superscripts omitted) (ellipsis in original).

15. In 2021, *The Atlantic Magazine* published an investigative story about Till's death. A true and correct copy of the article ("*Atlantic* Article") is attached hereto as **Exhibit 2**. The *Atlantic* Article references a meeting between Luster Bayless ("Bayless"), a Hollywood costumer, and Bryant in 1985. *See* Ex. 2.

16. According to the *Atlantic* Article, Bayless, wanting to make a film about Till's murder, interviewed Bryant using a microcassette recorder as the two men rode through the areas central to the Till case, "re-creating the night of the murder." *See id*. Though the tapes are

"likely the only existing description of what happened inside the barn in the final hour of Till's life," the article states that "[o]ther than FBI agents and a few random people, nobody has heard the recording." *Id.*

17. Upon information and belief, the person referenced in the FBI Report as meeting with Bryant in 1985 is Luster Bayless.

18. Upon information and belief, Bayless's audio tapes recording Bryant in 1985 were turned over to the FBI sometime after their creation.

19. Bayless died in or about February 2022.

### Plaintiff's FOIA Request

20. On or about March 13, 2024, Plaintiff submitted a FOIA request to the FBI via foia.gov (the "Request"). A true and correct copy of the Request is attached hereto as **Exhibit 3** and is incorporated by reference herein.

21. The Request sought the following records:

   1. "All audio recordings made by Luster Bayless and provided to the FBI;"
   2. "The full audio recording(s) from which the FBI Report quotes portions on page 92;"
   3. "All audio recordings of Roy Bryant;"
   4. "Any and all other audio recordings in the FBI's file concerning its investigations into Till's death."

Ex. 3.

22. The Request provided additional information, including background regarding the FBI Report and references in the FBI Report to the audio recordings between an unnamed entity and Bryant. *See id.* The statements made by Bryant to the unnamed individual, transcribed from the audio, were attached as an exhibit to the Request. *See id.*

5

23. The Request also mentioned and attached as an exhibit the *Atlantic* Article, noting that the article's author referenced Bayless's creation of audio cassette recordings made during his interview of Bryant. *See id.*

24. Finally, the Request stated that Plaintiff corresponded with Bayless' daughter, who told him that her father's tapes of his interview with Bryant were provided to the FBI. *See id.*

25. In the Request, Plaintiff sought a fee benefit as a representative of the news media under 5 U.S.C. § 552(a)(4)(A)(ii)(II).

<u>Current Status of Plaintiff's Request</u>

26. As of the filing of this Complaint, Plaintiff has not received any communication from Defendants with respect to his Request.

27. As of the filing of this Complaint, Plaintiff has not received any records in response to his Request.

28. As of the filing of this Complaint, Plaintiff's Request has been pending for approximately 30 days.

**COUNT I: VIOLATION OF FOIA**
**FOR FAILURE TO COMPLY WITH STATUTORY DEADLINES**

29. Plaintiff repeats, realleges, and incorporates the allegations set forth in the foregoing Paragraphs 1 through 28 as though fully set forth herein.

30. Defendant DOJ is an agency subject to FOIA. 5 U.S.C. §§ 552(f), 551.

31. Defendant FBI is an agency subject to FOIA. 5 U.S.C. §§ 552(f), 551.

32. The Request properly seeks records under FOIA that are within the possession, custody, and/or control of Defendants.

33. The Request complied with all applicable regulations regarding the submission of FOIA requests.

34. Defendants failed to make a determination regarding the Request within the statutory deadlines as required by FOIA.  5 U.S.C. § 552(a)(6)(A).

35. Defendants' failure to make a determination with respect to the Request within FOIA's statutory deadlines violates their obligations under FOIA.  5 U.S.C. § 552(a)(6)(A).

36. Plaintiff has or is deemed to have exhausted applicable administrative remedies with respect to the Request.  5 U.S.C. § 552(a)(6)(C)(i).

## COUNT II: VIOLATION OF FOIA
## FOR UNLAWFUL WITHHOLDING OF AGENCY RECORDS

37. Plaintiff repeats, realleges, and incorporates the allegations set forth in the foregoing Paragraphs 1 through 28 as though fully set forth herein.

38. Defendant DOJ is an agency subject to FOIA.  5 U.S.C. §§ 552(f), 551.

39. Defendant FBI is an agency subject to FOIA.  5 U.S.C. §§ 552(f), 551.

40. The Request properly seeks records under FOIA that are within the possession, custody, and/or control of Defendants.

41. The Request complied with all applicable regulations regarding the submission of FOIA requests.

42. Defendants have not released any records or portions thereof in response to the Request.

43. Defendants have not cited any exemptions to withhold records or portions thereof that are responsive to the Request.

44. Defendants have not identified how it is reasonably foreseeable that disclosure of each of the records or portions thereof sought by the Request would harm an interest protected by a FOIA exemption and/or why disclosure is prohibited by law. 5 U.S.C. § 552(a)(8)(A).

45. Records responsive to the Request are required to be released under FOIA.

46. Defendants have improperly withheld agency records responsive to the Request, in violation of FOIA. 5 U.S.C. § 552(a)(3)(A).

47. Plaintiff has or is deemed to have exhausted applicable administrative remedies with respect to the Request. 5 U.S.C. § 552(a)(6)(C)(i).

## COUNT III: VIOLATION OF FOIA
## FOR FAILURE TO GRANT FEE BENEFIT

48. Plaintiff repeats, realleges, and incorporates the allegations set forth in the foregoing Paragraphs 1 through 28 as though fully set forth herein.

49. Defendant DOJ is an agency subject to FOIA. 5 U.S.C. §§ 552(f), 551.

50. Defendant FBI is an agency subject to FOIA. 5 U.S.C. §§ 552(f), 551.

51. The Request properly seeks records under FOIA that are within the possession, custody, and/or control of Defendants.

52. The Request complied with all applicable regulations regarding the submission of FOIA requests.

53. The Request set forth sufficient facts and arguments establishing that Plaintiff is entitled to a fee benefit as a representative of the news media pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II).

54. Defendants have not granted Plaintiff's request for a fee benefit as a representative of the news media, in violation of FOIA.

55. Plaintiff has or is deemed to have exhausted applicable administrative remedies with respect to the Request.  5 U.S.C. § 552(a)(6)(C)(i).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court:

(1) order Defendants to conduct a search reasonably calculated to identify all records responsive to the Request;

(2) enjoin Defendants from withholding all records or portions thereof responsive to the Request that may not be withheld under FOIA;

(3) issue a declaration that Plaintiff is entitled to disclosure of the requested records;

(4) issue a declaration that Plaintiff is entitled to a fee benefit as a representative of the news media for the purposes of the Request;

(5) issue a declaration that Defendants' failure to provide a timely determination in response to the Request violates its obligations under FOIA;

(6) award Plaintiff reasonable attorney fees and costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

(7) grant such other relief as the Court may deem just and proper.

Dated: April 12, 2024

Respectfully submitted,
/s/ Katie Townsend
Katie Townsend
D.C. Bar No. 1026115
Email: ktownsend@rcfp.org
Adam A. Marshall
DC Bar No. 1029423
Email: amarshall@rcfp.org
Gunita Singh
D.C. Bar No. 1601923
Email: gsingh@rcfp.org
REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS

9

1156 15th St. NW, Suite 1020
Washington, DC 20005
Phone: 202.795.9303
Facsimile: 202.795.9310

*Counsel for Plaintiff*