UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KELLY DUDA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF JUSTICE, et al.,<br><br>　　　　Defendants. | Civil Action No. 24-1048 (LLA) |

**DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S SUR-REPLY,
OR IN THE ALTERNATIVE, FOR LEAVE TO FILE A RESPONSE TO
PLAINTIFF'S SUR-REPLY**

Defendants Department of Justice and Federal Bureau of Investigation, by and through undersigned counsel, hereby, respectfully move to strike Plaintiff's Sur-Reply, styled as a "Supplemental Reply Brief" (ECF No. 43) ("Pl.'s Sur-reply") as immaterial, or impertinent, and as improperly filed. Alternatively, should the Court deem Plaintiff's document as properly filed, Defendants respectfully move the Court to allow Defendants to respond to Plaintiff's Sur-Reply twenty-one days after the Court enters its order. Pursuant to Local Rule 7(m), undersigned counsel for Defendants conferred with Plaintiff regarding the relief sought in this motion. Plaintiff opposes Defendants' motion.

**PROCEDURAL BACKGROUND**

Defendants filed their initial partial motion for summary judgment on December 9, 2024 (ECF No. 17). Plaintiff filed a combined cross-motion for partial summary judgment (ECF No. 21) and opposition to Defendant's partial motion for summary judgment (ECF No. 22) on January 17, 2025. Defendant filed a combined reply in support of its partial motion for summary judgment (ECF No. 29) and opposition to Plaintiff's cross-motion for partial summary judgment (ECF No. 30) on March 5, 2025. Finally, Plaintiff filed her reply in support of its partial cross-motion for summary judgment on March 26, 2025 (ECF No. 32). The Court ruled on the parties' cross-motions on August 21, 2025, where the Court denied Defendants' partial summary judgment motion and denied in part and granted in part Plaintiff's cross-motion. *See* ECF No. 36. The Court instructed Defendants to submit certain documents ex parte for in camera review, and Defendants promptly complied with that directive. *See* EFC. No. 38. The Court also permitted Defendants to renew their partial summary judgment motion ex parte to address Exemption 7(D). *See* ECF No. 36. After extensions of time and the government shut down, Defendants ultimately filed their renewed partial summary judgment ex parte on December 1, 2025, focusing on Exemption 7(D), as directed by the Court. *See* ECF No. 42 (providing Defendants complied with the Court's order). Two days later, on December 3, 2025, Plaintiff filed a document titled "Plaintiff's Supplemental Reply Brief in Support of Partial Summary Judgment**.**"

**ARGUMENT**

**I.     Plaintiff's Document Should Be Construed as a Sur-reply and Be Stricken from the Record.**

As an initial matter, Plaintiff's filing is a curious submission because there does not exist a live "Reply" to supplement. Indeed, the Court has resolved the parties' cross-motions for summary judgment, which took into consideration the parties' respective replies. Thus, there is

nothing for Plaintiff to supplement, which makes Plaintiff's latest submission immaterial or impertinent and should be stricken under Fed. R. Civ. P. 12(f). Although a motion to strike is generally disfavored, courts have broad discretion to order stricken pleadings that are immaterial or pertinent. *See Caison v. Tulino*, Civ. A. No. 23-2414 (LLA), 2025 WL 947470, *8 (D.D.C. March 28, 2025). Plaintiff's latest submission is one of those rare instances where this Court should exercise its broad discretion to discard Plaintiff's impertinent filing. Indeed, more than eight months after Plaintiff filed her reply and more than three months after the Court issued its Memorandum Opinion that Plaintiff filed her so-called "supplemental reply brief." It is unclear what issue Plaintiff attempts to supplement given that the Court has considered and resolved the parties' filings when issuing its August 21 Memorandum Opinion.

In any event, a generous consideration of Plaintiff's latest filing suggests she attempts to file a sur-reply, but that too is impermissible without leave of court. Indeed, "[t]he Local Rules of this Court contemplate that there ordinarily will be at most three memoranda associated with any given motion: (i) the movant's opening memorandum; (ii) the non-movant's opposition; and (iii) the movant's reply." *Crummey v. Soc. Sec. Admin.*, 794 F. Supp. 2d 46, 62 (D.D.C. 2011) (citing LCvR 7). A party seeking to file a [sur-reply] must move the court for leave to file such a [sur-reply]." *Robinson v. Detroit News, Inc.*, 211 F. Supp. 2d 101, 113 (D.D.C. 2002)

"Sur-replies are rarely permitted, and only 'when a party is "unable to contest matters presented to the court for the first time" in the last scheduled pleading.'" *Moses v. Dodaro*, 840 F. Supp. 2d 281, 282 (D.D.C. 2012) (quoting *Ben–Kotel v. Howard Univ.,* 319 F.3d 532, 536 (D.C. Cir. 2003)); *see also Hall v. U.S. Dep't of Labor*, No. 18-5100, 2018 WL 5919255, at *1 (D.C. Cir. Nov. 1, 2018). "Whether or not to grant leave to file a Sur-Reply is left to the discretion of the district court." *Banner Health v. Sebelius*, 905 F. Supp. 2d 174, 187 (D.D.C. 2012). "A court

considers 'whether the movant's reply in fact raises arguments or issues for the first time, whether the nonmovant's proposed surreply would be helpful to the resolution of the pending motion, and whether the movant would be unduly prejudiced were leave to be granted.'" *U.S. Equal Emp. Opportunity Comm'n v. Sol Mexican Grill, LLC*, 415 F. Supp. 3d 5, 11–12 (D.D.C. 2019) (quoting *Banner Health*, 905 F. Supp. 2d at 187).

While not labeling her document as a "sur-reply," a document submitted after the filing of a movant's reply brief is a sur-reply. *See Schmidt v. Shah*, 696 F.Supp.2d 44, 59 (D.D.C. 2010) ("Because these submissions were filed after Defendant submitted his reply brief, they are surreplies not authorized by the Local Rules."). "[T]he Court's local rules do not contemplate that any briefing will be submitted after the reply memorandum ...." *Roggio v. Fed. Deposit Ins. Corp.*, Civ. A. No. 9-1733 (TJK), 2023 WL 7214665, at *1 (D.D.C. Nov. 1, 2023). Thus, in order to supplement the arguments made in Plaintiff's reply brief in a form of a sur-reply, Plaintiff needed to request leave to file such a document. *See id.* (quoting *Robinson*, 211 F. Supp. 2d at 113). Because Plaintiff failed to seek leave prior to filing her document, the Court should strike the document as impertinent or improperly filed. *See Nyambal v. Mnuchin*, 245 F. Supp. 3d 217, 221 (D.D.C. 2017) (Striking a document labeled as a "supplement" because "it was filed after the [defendant's] reply brief with the purpose of supplementing" a previous filing).

Even if permissible, the Court should still strike Plaintiff's filing as "an improper attempt to reargue matters already addressed." *Lempert v. Rice*, 956 F. Supp. 2d 17, 20 (D.D.C. 2013). Plaintiff merely repeats the same arguments she made in her prior filings and fails to demonstrate any grounds for filing a sur-reply. For example, Plaintiff's latest filing essentially regurgitates her foreseeable harm arguments previously raised in her cross-motion. *See* Pl.'s Cross-Mot. at 2 ("even assuming, *arguendo*, that Exemption 7(D) might apply to some of the Bryant Audio, Defendants

cannot meet the separate and independent requirement of FOIA's foreseeable harm standard." and "Civil Rights Cold Case Records Collection Act embodies Congress's determination that confidentiality of deceased sources in civil rights cold case investigations cannot bar public disclosure of related records."). Because Plaintiff's document adds nothing to the record and Plaintiff failed to request leave of court to file such a document, the Court should strike the document.

### II. Alternatively, The Court Should Grant Defendant's Leave to File a Response.

Should the Court accept Plaintiff's Sur-Reply, Defendants respectfully request that the Court permit Defendants an opportunity to appropriately address Plaintiff's filing by allowing Defendants to submit their response twenty-one days after the Court enters its order.

\* \* \*

### CONCLUSION

For these reasons, the Court should strike Plaintiff's Sur-Reply as improperly filed. However, to the extent that the Court considers Plaintiff's Sur-Reply, the Court should alternatively grant leave for Defendant to respond to Plaintiff's Sur-Reply twenty-one days after it enters its order.

Dated: December 8, 2025                    Respectfully submitted,

                                                      JEANINE FERRIS PIRRO
                                                     United States Attorney

                                            By:     */s/ Derrick A. Petit*
                                                   Derrick A. Petit, D.C. Bar 144466
                                                   Assistant United States Attorney
                                                   601 D Street, NW
                                                   Washington, DC 20530

(202) 252-7269
Derrick.Petit@usdoj.gov

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KELLY DUDA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF JUSTICE, et al.,<br><br>　　　　Defendants. | Civil Action No. 24-1048 (LLA) |

### **[PROPOSED] ORDER**

UPON CONSIDERATION of Defendants' Motion to Strike Plaintiff's Sur-Reply, or in the Alternative, for Leave to File a Response to Plaintiff's Sur-Reply, and the entire record herein, it is hereby

ORDERED that Defendants' Motion to Strike Plaintiff's Sur-Reply is GRANTED.

[Alternatively]

ORDERED that Defendants shall respond Plaintiff's Sur-Reply within twenty-one days from the entry of this Order.

SO ORDERED:

_____                                        _____
Date                                                                              LOREN L. ALIKHAN
                                                                                       United States District Judge