IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KELLY DUDA**<br><br>  Plaintiff,<br>  v.<br><br>**UNITED STATES DEPARTMENT OF JUSTICE, et al.**<br><br>  Defendants. | Civil Action No. 24-1048 (LLA) |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE**

Plaintiff Kelly Duda ("Plaintiff") respectfully requests that the Court deny the motion to strike filed by Defendants United States Department of Justice and Federal Bureau of Investigation (collectively, "Defendants").

Defendants' motion claims Plaintiff's supplemental brief, ECF No. 43, is improper because "the Court has considered and resolved the parties' filings when issuing its August 21 Memorandum Opinion." Defs.' Mot. to Strike, ECF No. 44 at 3. But that is simply untrue. The Court's opinion did not resolve the parties' dispute over Exemption 7(D), *see* ECF No. 36 at 1, 11–19, 27–28, which is why the Court ordered Defendants to file a "renewed, *ex parte* motion for partial summary judgment" as to that exemption, *id*. at 28. Per the Court's order, Defendants filed a renewed *ex parte* motion for partial summary judgment as to their Exemption 7(D) withholdings on December 1. *See* ECF No. 42.

Although neither Plaintiff nor his counsel has access to Defendants' renewed summary judgment filing, he nonetheless wished to provide the Court facts and

1

argument that are relevant to the resolution of the pending dispute. This Court's Local Rules expressly permit parties to file a response to a motion within 14 days. LCvR 7(b). For good reason: courts "[l]ook[] forward to the benefit of full, adversarial briefing on . . . complex and important issues [that] case[s] present," *League of Women Voters v. Newby*, No. CV 16-236 (RJL), 2016 WL 8808743, at *1 (D.D.C. Feb. 23, 2016), recognizing the "benefit of the adversarial process for sharpening the issues for decision." *Pauling v. D.C.*, No. 13-CV-0943 (KBJ), 2015 WL 13891312, at *2 (D.D.C. June 15, 2015) (cleaned up).

In the admittedly unusual briefing posture presented here, Plaintiff filed his response to Defendants' renewed motion styled as a supplemental reply brief. Plaintiff filed within two days of Defendants' renewed motion, explaining as best he can without seeing Defendants' arguments how he believes the Court's analysis should proceed. *See* ECF No. 43. Although Plaintiff's brief is necessarily limited in its ability to respond to Defendants' renewed motion, there can be no question it sharpens the Court's understanding of the instant dispute, including by identifying salient new information. *See id.* Defendants can hardly complain when they were given the opportunity to present their own new facts and argument *ex parte*. Plaintiff's supplemental brief is proper, and Defendants' motion should be denied.

In the alternative to striking Plaintiff's supplemental brief, Defendants request the opportunity to respond to it. Defs.' Mot. at 5. Counsel for the parties previously met and conferred about this option, and Plaintiff represented that he would consent if the government filed its response publicly. Defendants refused, but

did not explain why they should be allowed to file a secret response to Plaintiff's public brief. Accordingly, in the event the Court wishes for a response brief from Defendants, Plaintiff respectfully requests that the Court order it to be publicly filed.

Dated: December 22, 2025

Respectfully submitted,

/s/ Adam A. Marshall
Adam A. Marshall
DC Bar No. 1029423
Gunita Singh
DC Bar No. 1601923
REPORTERS COMMITTEE FOR
   FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020
Washington, DC 20005
Phone: 202.795.9308
Facsimile: 202.795.9310
Email: amarshall@rcfp.org
Email: gsingh@rcfp.org

*Counsel for Plaintiff*